466

[Civ. No. 7948. Second Appellate District, Division One.—June 30, 1934.]

ELLIS MALLERY, Respondent, v. LILLIAN AGNES CHAPMAN et al., Defendants; SHELL OIL COMPANY OF CALIFORNIA et al., Appellants.

O'Melveny, Tuller & Myers, Albert Parker, Karl B. Rodi and Warren S. Pallette for Appellant.

John W. Loucks for Respondent.

HOUSER, J.—It appears that the essential facts herein, in substance, are that a man by the name of Specht made an oil lease of certain property of which he was the owner, to one Emery, who thereupon assigned his interest in the lease to Shell Oil Company. The lease was for a period of twenty years; but it contained a provision to the effect that the lessee was to commence the drilling of an oil well upon the premises within eighteen months from the date of the lease; also that "in addition to the foregoing time and considerations, the lessee may have twelve (12) months after said eighteen (18) months period to begin drilling by paying to lessors the sum of one thousand ($1,000.00) dollars quarterly in advance as rental for said lands, but it is understood that if lessee does not begin the drilling of an oil well within thirty (30) months from date thereof, then this lease shall become null and void". Before the time limit of thirty months succeeding the date of the lease had expired, Shell Oil Company procured from the lessor a modification of the lease by which the time within which drilling operations were to be commenced was extended for a considerable period beyond the date when by the terms of the lease as originally drawn the drilling operations should have been commenced. (In that agreement the Shell Company was the party of the first part, Emery, the party of the second part, and Bradley, the party of the third part.) Among the provisions of the assignment of the lease from Emery to Shell Oil Company was the following:

"Should the parties of the first and third parts, or should their successors or assigns, fail to commence drilling operations on the demised premises under said lease within eighteen (18) months from the date of said lease, then they will pay to the party of the second part (Emery), a cash rental equivalent to five dollars ($5.00) per acre per month, until such time as drilling is commenced, as in said lease provided, after first deducting from said five dollars ($5.00)

per acre per month, the amount due and payable to the original lessors, according to the terms of said lease.''

In addition thereto, the following provision of the assignment is important, to wit: ''The parties of the first and third parts stipulate and agree that they will, so long as they or either of them, or their successors in interest, or assigns, hold title to the leasehold estate derived by them from said assignment, well and truly keep and perform each and all of the covenants of said lease to be by them kept and performed, provided, however, that it shall be a sufficient compliance of said covenants, if, in lieu of the performance of drilling operations, they procure from the lessors or their successors in interest, proper and legal extensions of time.''

After the execution of such assignment, Emery transferred a portion of his rights thereunder to Mallery, the plaintiff herein. For a period of thirty months following the date of the lease, Shell Oil Company paid to Mallery everything to which he was entitled under the provisions of the respective instruments; but thereafter, and up to the date when the lease was canceled, Shell Oil Company made no payments to Mallery thereunder. Following the cancellation of the lease, Mallery instituted the instant action to recover from Shell Oil Company a judgment for damages to which he claimed he was entitled in the premises. From a judgment rendered in favor of Mallery, the defendant Shell Oil Company and A. R. Bradley, as its trustee, have appealed to this court.

Contrary to the effect of the finding of fact made by the trial court, in substance appellants contend that by the terms of the assignment the right of Mallery to any payment of rent was limited to the date when the thirty-month period succeeding the date of the lease expired. We think that the conclusion reached by the trial court was correct. The assignment was explicit to the effect that if the drilling of the proposed oil well on the leased premises should not be commenced before a specified date, Shell Oil Company would pay to the assignor of the lease a fixed rental per month ''until such time as drilling is commenced, as in said lease provided''; also, following a provision by which Shell Oil Company was obligated to ''keep and perform each and all of the covenants of said lease'', that it would be a suffi-

cient compliance of said covenants "if, in lieu of performance of drilling operations, they procure from the lessors, or their successors in interest, proper and legal extensions of time". From the evidence presented with reference thereto, it is obvious that in the absence of the commencement of drilling operations by Shell Oil Company, the intention of the parties to the assignment was that as long as the lease remained in force and effect the rent reserved to the assignor of the lease should be paid to him, or to those rightfully claiming under him.

■ However, in effect appellant urges the further point that, even though it should be held that in accord with its agreement with the assignor of the lease it was liable to him for the difference between what was paid in rental to the original lessor and the sum of $5 per month per acre, since by subsequent modification of the lease Shell Oil Company agreed to pay to the original lessor a rental in excess of $5 per month per acre, it should follow that plaintiff was not entitled to recover from defendant a judgment for any sum of money whatsoever.

Although it is possible that the terms of the assignment made by the assignor of the lease to Shell Oil Company will admit of a construction such as is suggested by appellant, it also is within the realm of reason that the instrument should be given the construction that was placed thereon by the trial court. Reverting to the pertinent provisions of the assignment of the lease, it becomes apparent that the purpose of the parties to such assignment was to provide for a compensation to be paid to the assignor by the assignee "until such time as drilling is commenced"; and that such monthly compensation so fixed by said parties was the difference between "the amount due and payable to the original lessors, *according to the terms of said lease*", and the sum of $5 per month. The fact that by a subsequent agreement entered into between the original lessor and Shell Oil Company (and to which agreement the assignor of the lease was not a party), in consideration of an extension of the time by the original lessor within which drilling operations might be commenced a different rental was also agreed upon, could not in itself divest the assignor of the benefits that theretofore were to accrue to him by the terms of the assignment. His rights were fixed and determined

by that instrument; and any subsequent arrangement or understanding by whomsoever entered into, unless also agreed to by the assignor of the lease, could have no effect upon him or his rights in the premises. Since it does not appear that either the assignor of the lease, or the plaintiff herein, ever agreed to any modification of the compensation which either of them was to receive for the assignment of the lease, it follows that the compensation as provided by the assignment was the correct basis for a determination of the amount due to plaintiff.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1934.